James A. Patten (ID No. 1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN, P.L.L.C.**
2817 2nd Avenue North, Ste. 300
Billings, Montana 59101
Telephone: (406) 252-8500
Facsimile: (406) 294-9500
Email: apatten@ppbglaw.com

Attorneys for Creditor, Beverley Curtis

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| BEVERLEY CURTIS, an individual, | Case No. _____ |
| Plaintiff, | |
| vs. | |
| ESTATE OF JOHN HENRY SCHNEIDER, | |
| Defendant. | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: | |
| | Bankruptcy Case No. 14-61357-7 |
| JOHN HENRY SCHNEIDER, | |
| Debtor. | |

## UNOPPOSED MOTION FOR ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT OF BEVERLEY CURTIS' PERSONAL INJURY CLAIM

Beverley Curtis, ("Moving Party" or "Curtis") by and through her attorney James A. Patten, Moves this Court for an Order Withdrawing the Reference of her personal injury claim ("Claim") against the Chapter 7 Estate of John Henry Schneider (the "Debtor"), Debtor in the Bankruptcy Court for the District of Montana, Case No. 14-61357, filed on April 13, 2015 (Proof of Claim No. 19-1) to the United States District Court for the District of Montana on the following grounds:

1. This Motion is submitted pursuant to 28 U.S.C. § 157, Federal Rule of Bankruptcy Procedure 5011(a), and Local Bankruptcy Rule 5011-1. Pursuant to both FRBP 5011(a) and Mont. LBR 5011-1 this Motion is filed with the District Court where it must be heard.

2. Pursuant to 28 U.S.C. § 157(b)(2) the liquidation or estimation of contingent or unliquidated personal injury tort claims against the estate for purposes of distribution in a case under title 11 is non-core. The Bankruptcy Court may not finally adjudicate non-core claims; rather it proposes findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C. § 157(c)(1).

3. Pursuant to 28 U.S.C. § 157(b)(5) the district court shall order that personal injury tort claims shall be tried in the district court in which the bankruptcy case is pending, or in the district in which the claims arose, as determined by the district court.

4. Pursuant to 28 U.S.C. § 157(d) the district court may withdraw in whole or in part any case or proceeding referred under section 157. Such withdrawal is predicated upon a timely motion by any party showing cause for the relief requested.

5. The Moving Party timely filed a Proof of Claim in the Debtor's Chapter 7 Bankruptcy Case on April 13, 2015 prior to the Claims Bar Date of April 14, 2015. (Proof of Claim No. 19-1; Bankruptcy Dkt. No. 22). The basis of the Claim as stated is a "contingent claim for medical malpractice" and the Claim was filed in the amount of $1,500,000.

6. The Moving Party's Claim was one of seven (7) personal injury claims filed as Proof of Claims against the Debtor's Estate in the Bankruptcy Court.

7. The Debtor Objected to Moving Party's Claim on April 18, 2016. (Bankruptcy Dkt. No. 276). The Chapter 7 Trustee also objected to the Claim, setting hearing on the objections for May 24, 2016. (Bankruptcy Dkt. No. 264).

8. This Motion is timely as the Bankruptcy Court never set a bar date to requests for such relief nor has Moving Party been dilatory in exercising its right to request such relief.

9.   Pursuant to § 157(b)(5) the Bankruptcy Court lacks the authority to enter final judgment on the Moving Party's Claim against the Debtor.

10.   Pursuant to the 7th Amendment the Moving Party is entitled to a jury trial on the merits of the claim it has timely brought against the Debtor's estate. The Bankruptcy Court is not authorized to conduct a jury trial of the Moving Party's Claim absent the consent of the Moving Party, which has not given it.

11.   Pursuant to L. R. 7.1(c)(1) Moving Party's counsel contacted attorney James H. Cossitt, counsel for the Debtor, and he does not oppose the relief herein requested. Moving Party's counsel contacted Joseph V. Womack, counsel for the Trustee, and he does not oppose the relief herein requested.

WHEREFORE, pursuant to the foregoing statutory and administrative authority, and based on the nature of the Claim at issue, the Moving Party hereby respectfully requests that this Court enter an Order withdrawing the reference to the Bankruptcy Court with respect of the Moving Party's Claim alone and the Debtor's and Chapter 7 Trustee's Objections thereto.

SO MOVED this 19th day of May, 2016.

        **PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**
        2817 2nd Avenue North, Suite 300
        Billings, MT 59101

        By:   /s/ J.A. Patten
            James A. Patten
            Attorneys for Creditor, Beverley Curtis

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2016 a true and correct copy of the foregoing **UNOPPOSED MOTION FOR ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT OF BEVERLEY CURTIS' PERSONAL INJURY CLAIM** was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| ____ | Hand delivery |
| 3,4,5 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-mail |

1. Clerk, U.S. District Court

2. Clerk, U.S. Bankruptcy Court

3. Joseph V. Womack
   Waller & Womack, P.C.
   Suite 805 US Bank Building
   303 North Broadway
   Billings, MT 59101

4. James H. Cossitt
   James H. Cossitt, PC
   P.O. Box 1889
   Kalispell, MT 59903-1889

5. U.S. Trustee
   Office of the U.S. Trustee
   Liberty Center, Suite 204
   301 Central Avenue
   Great Falls, MT 59401

/s/ JA Patten
for PATTEN, PETERMAN, BEKKEDAHL & GREEN